UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER MAXIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RHG & COMPANY, INC.,<br><br>Defendant. | Case No.: 16CV2625 JLS (BLM)<br><br>**ORDER DIRECTING SUPPLEMENTAL NOTICE TO THE CLASS**<br><br>(ECF No. 12) |

Presently before the Court is the parties' Joint Ex Parte Application to Modify the Preliminary Approval Order Regarding Plaintiff Heather Maxin's Deadline to File Motions for Attorneys' Fees and Costs; and, Final Approval ("MTN," ECF No. 12). The parties request modifications to the Court's preliminary approval order ("Prelim. Approval Order," ECF No. 11). In that Order, the Court set a schedule for further proceedings. (*Id.* at 18.) The parties state the Court's Order does not permit time for the class members to review Plaintiff's Fee Petition in determining how to respond to the notice. (MTN 2 (citing *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993–95 (9th Cir. 2010).)

\ \ \

\ \ \

In *In re Mercury,* the Ninth Circuit held that the "plain text of [Fed. R. Civ. P. 23(h)[1]] requires that any class member be allowed an opportunity to object to the fee 'motion' itself, not merely to the preliminary notice that such a motion will be filed." *Id.* at 993–94. At the time of preliminary approval, the Court ordered the final day for objections to fall before Class Counsel moved for its attorney's fees. (Prelim. Approval Order 18.)

The Court finds it would be premature to set a schedule for further proceedings, as requested by the parties, until the Court has reviewed the supplemental notice to the class regarding the fee motion. (*See* Fed. R. Civ. P. 23(d); 23(e)(1).) Thus, the Court **DENIES** the parties' joint motion. The Court **ORDERS** the parties to submit to the Court for its review the supplemental notice <u>on or before seven days after the electronic docketing of this Order.</u> Once the Court receives the notice, the Court will promptly assess its adequacy pursuant to Rule 23(c)(2)(B) and issue a schedule for notification and further proceedings.

**IT IS SO ORDERED**.

Dated: September 11, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[1] Rule 23(h) states, in relevant part:

(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

(2) A class member, or a party from whom payment is sought, may object to the motion.