# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER MAXIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RHG & COMPANY, INC.,<br><br>Defendant. | Case No.: 16-CV-2625 JLS (BLM)<br><br>**ORDER RE PROPOSED SUPPLEMENTAL NOTICE**<br><br>(ECF No. 14) |

Presently before the Court is the parties' [Proposed] Supplemental Notice to Class Members ("Sup. Notice," ECF No. 14). The parties' submitted to the Court a proposed supplemental notice, which the parties propose will be included on the opening page of the settlement website. (Sup. Notice 2.) The notice informs the class members that their deadline to submit a claim, submit a request to be excluded, or object to the class settlement has been extended. (*Id.*) It also provides, "During [the objection] period, Class Counsel will file Class Counsel's Fee Petition on or before <u>Date</u>." (*Id.*)

The Court finds the proposed supplemental notice is inadequate. First, the Court declines to set a deadline for objections at this time. "The plain text of [Federal Rule of Civil Procedure 23(h)] requires a district court to set the deadline for objections to

counsel's fee request on a date *after* the motion and documents supporting it have been filed." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010). Therefore, Class Counsel must first file its fee motion before issuing the supplemental notice. Second, the supplemental notice must inform the class members they have a right to review the fee motion before deciding whether to opt-out of the settlement or object to the fee motion. *See id.* at 993 ("The plain text of [Federal Rule of Civil Procedure 23(h)] requires that any class member be allowed an opportunity to object to the fee 'motion' itself, not merely the preliminary notice that such a motion will be filed."). The supplemental notice should inform the class members how they may object to the fee motion if they so choose. Third, the supplemental notice does not tell the class members how they may review the fee motion (such as by clicking a link on the settlement website). Although the supplemental notice adequately provides the contact information of Class Counsel and the Claims Administrator, it does not make clear that the class members may review the fee motion either through the website or by contacting Class Counsel for a copy. Fourth, the supplemental notice does not refer to the original notice and it is unclear how the two notices relate. The supplemental notice needs to inform the class members it merely supplements the information the members previously received, the settlement of which has been preliminary approved by the Court. The supplemental notice should also inform the class members the fee motion is consistent with what was indicated in the original notice the class members received (i.e. Class Counsel's attorneys' fees and costs are $270,000).

Finally, the Court finds the method of providing notice to the class members is inadequate. The parties state they "believe that supplemental notice via the Settlement Website, which is also accessible via a hyperlink on Defendant's webpage, is the most efficient and cost-effective method of notice." (Sup. Notice 3.) While it may be true that updating a website is cost-effective, the mere posting of the supplemental notice on the settlement website is not "the best notice that is practicable under the circumstances . . . ." Fed. R. Civ. P. 23(c)(2)(B). The Court previously approved of the parties' method of providing notice of the lawsuit to the class, which directly notified the class members of

the class action and provided them with a link to the settlement website,[1] and merely posting an update on said website, without notifying the class members of the update, is inadequate. The class members would not become aware of the supplemental notice if they did not happen to check the website and see the update. Accordingly, the parties must amend their method of notice.

Accordingly, the Court **ORDERS** Class Counsel to file its fee motion forthwith. Subsequently, the parties **SHALL** file another proposed supplemental notice, taking into consideration the Court's requirements listed above. The parties **SHALL** also propose dates for: (1) the notification of the class members of the supplemental notice; (2) the deadline for class members to object; (3) the deadline for Class Counsel to file a Motion for Final Approval; and (4) a hearing date for said Motion. Finally, the Court **VACATES** the Final Approval Motion hearing currently set for September 28, 2017 at 1:30 p.m. The hearing will be continued to a later date. Once the Court receives the parties' updated proposed supplemental notice, the Court will assess its adequacy and issue a schedule for further proceedings.

**IT IS SO ORDERED**.

Dated: September 20, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[1] In its prior Order, the Court found the Parties agreed "to notify the Class by four distinct methods: '(1) by mailing or emailing Direct Notice, (2) by establishing a Settlement Website and toll-free number, (3) by providing notice to the Pharmacies that sell Defendant's Products and requesting that they post a copy of the Short-Form Notice on their websites and in their stores, and (4) by Publication Notice' in USA Today. . . . In particular, each notice method directs putative Class Members to the website www.RHGsettlement.com . . . ." (ECF No. 11, at 14-15.)